IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMUNDO JERONIMO XITUMUL, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-26-0087 |
| PAMELA BONDI, et al., | * | |
| Respondents. | * | |
| | * | |

\*\*\*

# **ORDER**

The Court is in receipt of the Parties' Joint Notice filed January 14, 2026 (ECF No. 6). The Parties advise that the factual and legal issues in this case do not differ materially from those in Velasquez v. Noem, No. GLR-25-3215, 2025 WL 3003684 (D.Md. Oct. 27, 2025), and Villanueva Funes v. Noem, No. TDC-25-3860, 2026 WL 92860 (D.Md. Jan. 13, 2026). (Joint Notice at 1, ECF No. 6).[1] In Velasquez and Villanueva Funes, the habeas petitions concerned whether a noncitizen who has been present in the United States without inspection or admission for several years but is later detained by Immigration and Customs Enforcement ("ICE") officers is subject to mandatory detention without bond under 8 U.S.C. § 1225(b) or discretionary detention with the possibility of bond under 8 U.S.C. § 1226(a). Velasquez, 2025 WL 3003684, at \*4–7; Villanueva Funes, 2026 WL 92860, at

---

[1] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

\*4. Respondents Kristi Noem, Todd M. Lyons, and Vernon Liggins[2] ask to incorporate their briefings in those cases in lieu of further briefing. (Joint Notice at 2).

The Court finds that the facts and legal issues of this case are not materially different from those presented in Velasquez and Villanueva Funes and will not require further briefing from the Parties. The Court incorporates by reference the analyses in Velasquez and Villanueva Funes and, based on the reasonings in those cases, will grant Petitioner Raymundo Jeronimo Xitumul's Petition for Writ of Habeas Corpus (ECF No. 1). See Velasquez, 2025 WL 3003684, at \*4–7; Villanueva Funes, 2026 WL 92860, at \*4 (citing Maldonado v. Baker, No. TDC-25-3084, 2025 WL 2968042, at \*8–10 (D.Md. Oct. 21, 2025)). Accordingly, it is this 15th day of January, 2026, by the United States District Court for the District of Maryland, hereby:

1. ORDERED that Xitumul's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED in that:

    a. Respondents are ENJOINED from detaining Xitumul under 8 U.S.C. § 1225(b).

    b. If Xitumul is currently being detained outside of Baltimore, Maryland, Respondents shall, within ten (10) days of the date of this Order,

---

[2] The Petition names Nikita Baker, the former Acting Field Office Director in charge of the ICE Baltimore Field Office, as a Respondent. (Pet. Writ Habeas Corpus ["Pet."] at 1, ECF No. 1). The Parties indicate in the Joint Notice that Vernon Liggins has since taken over as the Acting Field Office Director for the ICE Baltimore Field Office. (Joint Notice at 1 n.1, ECF No. 6). Therefore, under Federal Rule of Civil Procedure 25(d), Liggins replaces Baker automatically as a Respondent in this action.

      RETURN Xitumul to the Baltimore Field Office of U.S. ICE located at 31 Hopkins Plaza, 6th Floor, Baltimore Maryland 21201 (the "ICE Baltimore Field Office") for an initial determination by an immigration officer on Xitumul's bond or detention under 8 U.S.C. § 1226(a).

c. If the immigration officer does not release Xitumul on a bond, Respondents shall ARRANGE for Xitumul to receive, within ten (10) days of the date of this Order, a bond hearing before an immigration judge, at which he can be represented by his present counsel, at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland.

d. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and Respondents shall PROVIDE Xitumul with any other process due to him under these provisions.

e. During any ICE detention following the immigration officer's determination and before any bond hearing to occur in accordance with this Order, Xitumul shall be DETAINED in Maryland or in a state immediately adjacent to Maryland.

f. If Xitumul is not released on bond by an immigration officer or provided with a bond hearing before an immigration judge within ten (10) days of date of this Order, Respondents shall RELEASE Xitumul from custody from the ICE Baltimore Field Office. If released, Xitumul may be subject

        to conditions, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

    g.    Within fourteen (14) days of the date of this Order, the parties shall FILE a Joint Status Report to confirm Respondents' compliance with this Order. If Xitumul has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall further inform the Court of the grounds for the immigration judge's decision.

2.    IT IS FURTHER ORDERED that Xitumul's Petition (ECF No. 1) is DENIED as to any further relief he seeks at this time;

3.    IT IS FURTHER ORDERED that Xitumul's request for attorney's fees and costs is DENIED;

4.    IT IS FURTHER ORDERED that the Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order; and

5.    IT IS FURTHER ORDERED that the Clerk shall PROVIDE a copy of this order to all counsel of record.

                                                              /s/
                                                George L. Russell, III
                                                Chief United States District Judge